# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER J. DIRIG, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:10-CV-347 JVB |
| KENNETH C. FRIES, Sheriff, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Christopher Dirig, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Allen County Sheriff Kenneth Fries and other Allen County Jail officials violated his federally protected rights while he was confined at the jail. He has now filed an Amended Complaint, naming only Sheriff Fries as a defendant, which replaces the original complaint. According to his amended complaint, Dirig was at the Allen County Jail from "on or about March 9, 2007 ending September 23, 2008." (DE 8 at 3).

Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

"Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Hardin v. Straub*, 490 U.S. 536, 538; *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (Because § 1983 does not contain an express statute of limitations, federal courts use the forum state's statute of limitations for personal injury claims). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir. 2000); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The

statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Clerk of this Court received Dirig's original complaint on October 7, 2010. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court, applies to the initial filing of complaints. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, the Court uses the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing because it is clearly still in the prisoner's possession the day he signs it.

Dirig signed his original complaint on September 28, 2010, (DE 1 at 8), so for the purpose of this memorandum, the Court will treat events occurring before September 28, 2008, as beyond the statute of limitations. According to the amended complaint, the events Dirig complains of occurred while he was at the jail between March 9, 2007, and September 23, 2008. (DE 8 at 3). Accordingly, all of the events of which Dirig complains are beyond the statute of limitations.

For the foregoing reasons, the Court DISMISSES the Amended Complaint pursuant to 28 U.S.C. § 1915A(b), and DIRECTS the Clerk to close this case.

SO ORDERED on December 1, 2010.

 s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE